This case came before the Court at the last term, at which time I had not the honor of being one of its members, and has been kept under advisement until the present term. A majority of the Court having concurred in the judgment that there is no error in the proceedings of the Superior Court to justify a reversal of the sentence against the prisoner, I should have deemed it unnecessary to give any judicial opinion, if my brethren had wholly agreed in the reasons which *Page 276 
conducted them to the same result. In the view which I have taken of the case it presents but one difficulty for consideration. Did the Judge err in rejecting a part of the evidence (338) which was offered as tending to show that William May had been guilty of the taking or seduction of the slave from the possession of the owner? If he did err in this respect, the prisoner is entitled to a new trial. If he did not err in this respect, I cannot avoid the conclusion that the prisoner is not entitled to a new trial.
The criminal act imputed to the prisoner might as readily be committed by many as by one. The question of William May's guilt or innocence was not necessarily connected with that of the guilt or innocence of Daniel. Both might be guilty, or both might be innocent, and a common guilt or a common innocence was as presumable as the guilt of one only. All the testimony then which was offered to inculpate William, as well that received, as that rejected, if tending to no other purpose, was irrelevant and on that account inadmissible. But proof that certain acts constituting a part of the criminal transaction itself were done by William might have been of high importance to the prisoner by removing so much of the inference of guilt as would be raised were those acts brought home to him. Evidence therefore that William took the negro from the possession of his owner might render it doubtful whether Daniel had participated in the taking. The negro had been removed from his master's service, and soon afterwards was offered for sale in another State by the prisoner, under circumstances plainly indicating a criminal intent. If nothing else appeared, the inference was scarcely to be resisted that the prisoner had committed the crime charged. Now, proof that the taking was by other than the prisoner, perhaps might repel this inference, not because the guilt of the one shows the innocence of the other, but because proof that specific acts were done by one, weakens or removes the presumption that the same acts were done by another.
It was, therefore, competent for the prisoner to lay before the jury all the circumstances attending the transaction under investigation, and of high import to him, to show if he could, that the negro had been taken by William and was in (339) William's possession before the time when the negro was seen in his possession in South Carolina. But no fact can be communicated to a jury, or its existence rendered probable but through those means of communication which the law allows. The thing to be proved must not only be relevant, but the testimony offered must be such as the law sanctions. The *Page 277 
issuing of a State's warrant against William and the prisoner, in which William is first named, of itself is no evidence, and unless necessary to explain or contradict something properly in evidence ought not to have been received. The warrant is an accusation merely; it is not proof of any fact stated in it. As connected with the flight of William it was admissible provided the flight itself were proper to be given in evidence. Flight after accusation could be received on no other ground than as conduct of William furnishing a presumption of his guilt, and amounting to an implied acknowledgment of it. If this were admissible, I am unable to see any satisfactory reason for rejecting the testimony offered, that William had paid money to the injured party in order to stifle a prosecution against him. This seems to me a fact of the same kind with flight after accusation; an act furnishing a similar presumption of guilt, and strengthening this implied acknowledgment of the crime, and the express admission of his guilt by himself would seem to me equally admissible on the same ground.
I am of opinion the whole of the testimony offered in order to show the taking by William was illegal. It was evidence not of facts or circumstances attending the transaction, but of acts and declarations of a third person, in no way a party to this controversy nor shown to be connected therewith, acts and declarations subsequent to the transaction from which an inference of the facts of the transaction was attempted to be drawn. Had William been on trial they would have been evidence against him simply because they were his acts and his
declarations. It is certainly a general principle, that neither the declarations nor acts of those who are strangers to the matter in litigation can be received as evidence for either party, of the truth of the fact declared or a (340) fact to be inferred from them. Such acts and declarations are excluded as coming under the well known rule of "res interalios acta," and I am unable to find any principle or authority which will justify an exception to the rule in the present case.
Having arrived at the conclusion that the Judge did not err in rejecting the testimony offered, but that in truth he erred (no doubt from a leaning to the humane side) in receiving that which was offered to show William May's guilt, I concur therefore in the opinion of my brethren that there was no evidence on which the Judge could be asked to give the hypothetical instruction required of him, and that he was justified in stating the case supposed to be an abstract proposition.
PER CURIAM. Judgment affirmed, and a writ of procedendo ordered. *Page 278 
 Cited: S. v. Bell, N.C. 509; S. v. Duncan, 28 N.C. 239; S. v.Gallimore, 29 N.C. 151; McAllister v. McAllister, 34 N.C. 187; S. v.White, 68 N.C. 159; S. v. Bishop, 73 N.C. 46; S. v. Davis, 77 N.C. 485;S. v. England, 78 N.C. 555; S. v. Jones, 80 N.C. 417; S. v. Boon,Ib., 463; S. v. Gee, 92 N.C. 760; S. v. McNair, 93 N.C. 631; S. v.Collins, Ib., 567; S. v. Crane, 110 N.C. 535; Wilson v. Mfg. Co.,120 N.C. 95; Gattis v. Kilgo, 131 N.C. 207.